1    HONORABLE DAVID W. CHRISTEL

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF WASHINGTON
8                                  AT SEATTLE

9    FOSHAN MACJERRY TECHNOLOGY          Case No. 2:25-cv-00954-DWC
     CO., LTD.,
10                                        ANSWER TO COMPLAINT FOR
                         *Plaintiff*,     DECLARATORY JUDGMENT,
11                                        AFFIRMATIVE DEFENSES, AND
           v.                             COUNTERCLAIMS
12
     SHARKNINJA OPERATING LLC,            JURY TRIAL DEMAND
13
                         *Defendant.*
14
     SHARKNINJA OPERATING LLC, and
15   SHARKNINJA SALES COMPANY,

16                        *Counterclaim-Plaintiffs,*

17         v.

18   FOSHAN MACJERRY TECHNOLOGY
     CO., LTD.,
19
                         *Counterclaim-Defendant.*
20

21         Defendant SharkNinja Operating LLC ("SharkNinja"), by and through its undersigned

22   attorneys respond to the allegations in Plaintiff Foshan Macjerry Technology Co., Ltd.'s

23   ("Foshan") Complaint for Declaratory Judgment and asserts Counterclaims as follows:

24         Anything alleged by Foshan in their Complaint that is not expressly admitted is hereby

25   denied. Any express admission below is admitted only as to the particularly identified fact(s) and

ANSWER AND COUNTERCLAIMS - 1                          **CORR CRONIN LLP**
(Case No. 2:25-cv-00954-DWC)                          1015 Second Avenue, Floor 10
                                                     Seattle, Washington 98104-1001
                                                         Tel (206) 625-8600
                                                         Fax (206) 625-0900

1  not as to any purported conclusions, characterizations, implications, or speculations that may
2  arguably follow from the admitted fact(s).  SharkNinja further denies that Foshan is entitled to the
3  relief requested or any other relief.

4  **Response to Initial Paragraph**

5  The first paragraph of the Complaint on page 1 from lines 18-25 does not appear to be a
6  statement of fact and therefore, a response is not required.  But, if it contains any facts, SharkNinja
7  denies those facts.  Specifically, SharkNinja denies that Plaintiff's slushie machine does not
8  directly or indirectly infringe U.S. Patent No. 12,279,629 (the "'629 Patent") because Plaintiff's
9  slushie machine does infringe both directly and indirectly on the '629 Patent literally and/or under
10  the doctrine of equivalents.

11  **INTRODUCTION**

12  1.    SharkNinja admits that it submitted an infringement report to Amazon.com
13  ("Amazon") on or about April 29, 2025 with respect to Foshan's slushie machine product bearing
14  ASIN B0DT429T6D (the "Accused Product") because the Accused Product infringes '629 Patent.
15  To the extent Paragraph 1 alleges that Exhibit A is a copy of the notice Foshan received from
16  Amazon.com, SharkNinja is without knowledge or information sufficient to form a belief as to the
17  truth of those allegations and therefore denies those allegations.  To the extent that the remaining
18  allegations of Paragraph 1 seek to characterize the contentions of a written document, the
19  document speaks for itself and SharkNinja denies the allegations to the extent that they are
20  inconsistent with the document.

21  2.    SharkNinja admits that Foshan's Accused Product may be removed from Amazon
22  as a result of the Accused Product's infringement of the '629 Patent.  SharkNinja is without
23  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in
24  Paragraph 2, and on that basis denies the allegations of Paragraph 2.  SharkNinja further denies
25  that it submitted an "objectively baseless infringement complaint to Amazon" and that

ANSWER AND COUNTERCLAIMS - 2
(Case No. 2:25-cv-00954-DWC)

1  SharkNinja's alleged infringement allegations are "wholly without merit."

2  ## NATURE OF THE ACTION

3  3.    The allegations of Paragraph 3 contain legal conclusions to which no response is
4  required.  To the extent a response is required, SharkNinja admits that Foshan's Accused Product
5  may be removed from Amazon as a result of the Accused Product's infringement of the '629 Patent.
6  SharkNinja denies the remaining allegations in Paragraph 3.

7  ## PARTIES

8  4.    SharkNinja is without knowledge or information sufficient to form a belief as to the
9  truth of the allegations in Paragraph 4, and on that basis denies the allegations of Paragraph 4.

10  5.    SharkNinja admits that SharkNinja Operating LLC is a limited liability company
11  organized and existing under the laws of Delaware, having a principal place of business at 89 A
12  Street, Suite 100, Needham, MA 02494.  SharkNinja admits that SharkNinja Operating LLC is the
13  registered applicant and assignee of U.S. Patent No. 12,279,629.

14  ## JURISDICTION AND VENUE

15  6.    The allegations of Paragraph 6 contain legal conclusions to which no response is
16  required.  SharkNinja denies the allegations in Paragraph 6.

17  7.    The allegations of Paragraph 7 contain legal conclusions to which no response is
18  required.  To the extent a response is required, SharkNinja admits that there is a justiciable
19  controversy, and further admits that Foshan's Accused Product may be removed from Amazon as
20  a result of the Accused Product's infringement of the '629 Patent.  SharkNinja denies the remaining
21  allegations in Paragraph 7.

22  8.    The allegations of Paragraph 8 contain legal conclusions to which no response is
23  required.  SharkNinja denies the allegations in Paragraph 8.

24  9.    The allegations of Paragraph 9 contain legal conclusions to which no response is
25  required.  SharkNinja admits that it submitted an infringement report to Amazon on or about April

ANSWER AND COUNTERCLAIMS - 3
(Case No. 2:25-cv-00954-DWC)

29, 2025 because the Accused Product infringes the '629 Patent.  SharkNinja also admits that Amazon has a place of business located at 410 Terry Ave. N., Seattle, WA 98109.   SharkNinja denies the remaining allegations in Paragraph 9.

## THE ACCUSED PRODUCTS

10.    To the extent Paragraph 10 alleges that Exhibit A is a copy of the notice Foshan received from Amazon.com, SharkNinja is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.  To the extent that the remaining allegations of Paragraph 10 seek to characterize the contentions of a written document, the document speaks for itself and SharkNinja denies the allegations to the extent that they are inconsistent with the document.

11.    To the extent that the allegations of Paragraph 11 seek to characterize the contentions of a written document, the document speaks for itself and SharkNinja denies the allegations to the extent that they are inconsistent with the document.  SharkNinja admits that SharkNinja Operating LLC is the rightful owner of U.S. Patent Number 12,279,629.

12.    SharkNinja admits that Foshan's Accused Product may be removed from Amazon as a result of the Accused Product's infringement of the '629 Patent.  SharkNinja is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis denies the remaining allegations of Paragraph 12.

## U.S. PATENT NO. 12,279,629 B1

13.    SharkNinja admits that Exhibit B appears to be a copy of the '629 Patent and admits that copy lists SharkNinja Operating LLC as the assignee.

14.    SharkNinja admits that the '629 Patent is entitled "Mixing Vessel Baffles for a Drink Maker" and admits that the Abstract of the '629 Patent contains the quoted passage in Paragraph 14.

ANSWER AND COUNTERCLAIMS - 4
(Case No. 2:25-cv-00954-DWC)

15.     SharkNinja admits that the '629 Patent issued on April 22, 2025.  SharkNinja admits that the '629 Patent contains 3 independent claims and 22 dependent claims.

## COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '629 PATENT)"

16.     SharkNinja repeats and re-alleges the responses set forth in Paragraphs 1 through 15 as though set for herein.

17.     Admitted.

18.     SharkNinja admits that Foshan denies that its Accused Product infringes any valid claims of the '629 Patent.  SharkNinja denies that the Accused Product does not infringe the '629 Patent.

19.     SharkNinja admits that Paragraph 19 purports to recite the language of Claim 1 of the '629 Patent.

20.     SharkNinja admits that Paragraph 20 purports to recite the language of Claim 13 of the '629 Patent.

21.     SharkNinja admits that Paragraph 21 purports to recite the language of Claim 20 of the '629 Patent.

22.     SharkNinja admits that Foshan denies that its Accused Product infringes any valid claims of the '629 Patent.  SharkNinja denies that the Accused Product does not infringe the '629 Patent.

23.     To the extent the allegations of Paragraph 23 purport to admit that the Accused Product comprises a "side baffle," SharkNinja admits this allegation.  SharkNinja denies the remaining allegations of Paragraph 23.

ANSWER AND COUNTERCLAIMS - 5
(Case No. 2:25-cv-00954-DWC)

24.     SharkNinja admits that Foshan denies that its Accused Product infringes any valid claims of the '629 Patent.  SharkNinja denies that the Accused Product does not infringe the '629 Patent.

25.     SharkNinja admits that Foshan denies that its Accused Product infringes any valid claims of the '629 Patent.  SharkNinja denies that the Accused Product does not infringe the '629 Patent.  The remaining allegations of Paragraph 25 contain legal conclusions to which no response is required.  To the extent a response is required, SharkNinja denies the allegations of Paragraph 25.  SharkNinja denies the noninfringement contentions concerning the Accused Product in Exhibit C.

26.     SharkNinja admits that Foshan's Accused Product may be removed from Amazon as a result of the Accused Product's infringement of the '629 Patent.  SharkNinja denies the remaining allegations of Paragraph 26.

27.     Admitted.

28.     SharkNinja admits that Foshan's Complaint appears to seek a declaratory judgment that Foshan's Accused Product does not directly or indirectly infringe the valid one or more claims of the '629 Patent, either literally or under the doctrine of equivalents.  SharkNinja denies that the Accused Product does not infringe the '629 Patent.  SharkNinja further denies that Foshan is entitled to the relief it seeks.

29.     Denied.

## **PRAYER FOR RELIEF**

No response is required to Foshan's prayer for relief.  To the extent that a response is deemed required, Foshan is not entitled to the required relief identified in its Prayer for Relief, or any other relief in connection with this civil action.  Foshan's request should therefore be denied in its entirety and with prejudice.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1

## JURY TRIAL DEMAND

No response is required to Foshan's demand for a trial by jury in this case.  To the extent a response is deemed required, SharkNinja admits that Foshan has requested a jury trial.  If this case proceeds to trial, SharkNinja also demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, SharkNinja alleges and asserts the following affirmative defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Foshan's burden of proof on its affirmative claims against SharkNinja, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to their responses above, SharkNinja specifically reserves all rights to add additional defenses and/or supplement its defenses.

## FIRST AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Foshan is not entitled to any injunctive relief because, *inter alia*, any alleged injury to Foshan is not immediate or irreparable, Foshan has an adequate remedy at law, or public policy concerns weight against any award of injunctive relief.

## SECOND AFFIRMATIVE DEFENSE

### (No Exceptional Case)

Foshan cannot prove that this is an exceptional case justifying an award of attorneys' fees against SharkNinja under 35 U.S.C. § 285.

## THIRD AFFIRMATIVE DEFENSE

### (No Entitlement to Fees and Costs)

Foshan's claims for attorneys' fees, costs, including expenses and interest, and treble damages are barred by law.

ANSWER AND COUNTERCLAIMS - 7
(Case No. 2:25-cv-00954-DWC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Foshan fails to allege facts sufficient to allow recovery of punitive damages from SharkNinja.

## RESERVATION OF AFFIRMATIVE DEFENSES

SharkNinja reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that SharkNinja has the burden of proving the matter asserted.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

Counterclaim-Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") hereby counterclaim against Counterclaim-Defendant Foshan Macjerry Technology Co., Ltd. ("Foshan"), seeking damages and other relief for patent infringement, and allege on information and belief, as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. SharkNinja began three decades ago with the mission of providing more efficient, user-friendly, and affordable household appliances. From its start as a one-person company, SharkNinja has grown into a market leader. SharkNinja is now a global brand with more than 20 categories of home appliance products, including floorcare products, environmental products (such as fans and purifiers), kitchen appliances, and, relevant to this case, indoor cooking, and frozen drink makers and systems. SharkNinja has eight offices and thousands of employees in the United States. SharkNinja's headquarters is located in Massachusetts.

2. SharkNinja has a particular history as a pioneer and innovator. SharkNinja devotes significant resources to research and development, including a team of more than 800 design

1   engineers who focus on developing new products and features to improve and revolutionize

2   household appliances. This approach has been overwhelmingly successful: SharkNinja has been

3   awarded more than 4,500 patents on its home appliance innovations. The SharkNinja patents at

4   issue in this action are a testament to SharkNinja's history of innovation.

5         3.     This action concerns SharkNinja's intellectual property rights related to its hugely

6   successful "i" class of home appliances, which focuses on bringing innovative solutions to home

7   kitchens. SharkNinja began the "i" class with the Ninja "FOODi" line of air fryers. SharkNinja's

8   innovation continued with the Ninja "CREAMi," an ice cream maker launched in August 2021

9   that attracted significant consumer and press attention by allowing users to make ice cream-style

10  desserts out of almost anything. SharkNinja later expanded to the Ninja "SPEEDi," a 10-in-1 rapid

11  cooker launched in March 2023, and then to the "THIRSTi," a carbonated beverage maker released

12  in July 2023. SharkNinja's most recent offering in this lineup is the Ninja SLUSHi Professional

13  Frozen Drink Maker (the "SLUSHi"), a countertop professional-grade slush machine for home-

14  use.

15        4.     Foshan has violated SharkNinja's intellectual property by infringing at least U.S.

16  Patent Nos. 12,279,629 ("the '629 Patent") (Ex. 1); 12,285,028 (the "'028 Patent") (Ex. 2); and

17  D1,076,580 ("the '580 Patent") (Ex. 3) (collectively, the "SharkNinja Asserted Patents"). The

18  inventions of these patents have allowed SharkNinja to develop and sell compact, countertop-sized

19  slush machines with excellent slush flow properties, such as the SLUSHi.

20        5.     Launched on July 11, 2024, the SLUSHi created a new frozen appliance category

21  for home consumers. Unlike prior frozen beverage appliances targeted to home consumers, such

22  as Margaritaville frozen drink machines (Fig. 1, which are essentially blenders and need ice), or

23  Nostalgia frozen drink machines (Fig. 2, which use a chilled ice and salt chamber similar to

24  conventional at-home ice cream machines), the SLUSHi (Fig. 3) reimagines the classic slush

25  machine entirely, permitting consumers to make frozen slush drinks safely and quickly at home

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

without ice.  Previously, such devices were available predominately in retail environments due to their large size, high-price point, and complicated operation.


Figure 1: Margaritaville
Frozen Concoction Maker


Figure 2: Nostalgia
Slush Drink Maker


Figure 3: SharkNinja
SLUSHi

6.     The SLUSHi is designed with at-home users in mind.  At the press of a button, it can turn almost any liquid into slush quickly—in as little as 15 minutes—with no ice needed. Following its launch, the SLUSHi gained a passionate following, including numerous positive reviews.  The SLUSHi's smash success was the result of over 18 months of significant consumer research, engineering, and development work by SharkNinja.   SharkNinja has significant intellectual property rights and interests relating to the innovations in the SLUSHi, including the SharkNinja Asserted Patents.

7.     SharkNinja brings this suit because Foshan has infringed and continues to infringe the SharkNinja Asserted Patents.  Foshan released copycat slushie machine products (including at least the slushie machine product sold on Amazon.com bearing ASIN B0DT429T6D) (the "Accused Product") that includes the same functionality and design that SharkNinja invented and patented.  In doing so, Foshan infringed each of the SharkNinja Asserted Patents, and it continues to infringe today.

ANSWER AND COUNTERCLAIMS - 10
(Case No. 2:25-cv-00954-DWC)

8. Foshan's infringement of the SharkNinja Asserted Patents has caused SharkNinja significant, irreparable, and ongoing harm, including because Foshan is using SharkNinja's patents to directly compete with and take sales from SharkNinja. The Accused Product, which infringes the SharkNinja Asserted Patents, competes directly with SharkNinja's SLUSHi products, such the Ninja SLUSHi Professional Frozen Drink Maker.

9. SharkNinja would prefer to compete in the marketplace, but because Foshan is using SharkNinja's inventions without permission to unfairly compete, take sales from, and irreparably harm SharkNinja, SharkNinja must act to protect its innovations and patents.

10. SharkNinja thus brings these Counterclaims under the patent laws of the United States, Title 35 United States Code, including 35 U.S.C. §§ 271, 284–285, and 289 to remedy Foshan's continued infringement and the damages SharkNinja has suffered and continues to suffer as a result of Foshan's infringement.

## **PARTIES**

11. Counterclaim-Plaintiff SharkNinja Operating LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

12. Counterclaim-Plaintiff SharkNinja Sales Company is a Delaware Corporation organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja Sales Company is a wholly owned subsidiary of SharkNinja Operating LLC.

13. According to Foshan's Complaint for Declaratory Judgment (D.I. 1) ("Complaint") at ¶ 4, and as admitted by Foshan, Counterclaim-Defendant Foshan Macjerry Technology Co., Ltd. d/b/a FSMQ is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at No. 1-3, 5th Huayuan Street, Xiatang Road, Red Flag Villagers Group, Lishui Village Council, Lishui Township, Nanhai

ANSWER AND COUNTERCLAIMS - 11
(Case No. 2:25-cv-00954-DWC)

1  District, Foshan City, Guangdong Province, China. Plaintiff FSMQ does business in this District

2  through on-line marketplace, Amazon, using the name, FSMQ.

3  **JURISDICTION**

4  14.    This Court has jurisdiction over the subject matter of these Counterclaims pursuant

5  to 28 U.S.C. §§ 1331 and 1338(a).

6  15.    This Court has personal jurisdiction over Foshan because Foshan voluntarily filed

7  this case in this District.  Further, on information and belief, Foshan has conducted and is

8  conducting business in this District, both generally and with respect to SharkNinja's

9  Counterclaims, and Foshan has committed one or more acts of infringement in this District.

10  Foshan has waived any claim that the Court lacks personal jurisdiction over Foshan.

11  **VENUE**

12  16.    Venue is proper in this District because Foshan voluntarily filed this case in this

13  District.  Further, on information and belief, Foshan has conducted and is conducting business in

14  this District, both generally and with respect to SharkNinja's Counterclaims, and Foshan has

15  committed one or more acts of infringement in this District by making, using, importing, selling,

16  or offering to sell the Accused Product, accessories, and parts that infringe the SharkNinja Asserted

17  Patents.  Foshan has waived any claim that the Court lacks proper venue.

18  **THE SHARKNINJA ASSERTED PATENTS**

19  17.    SharkNinja has filed for and obtained patent protection for its technological

20  developments and designs in the field of slush machines.  The developments claimed in the below

21  patents were the product of the research and design efforts of SharkNinja's engineers.

22  18.    The '629 Patent (attached hereto as Exhibit 1) and the '028 Patent (attached hereto

23  as Exhibit 2) relate to frozen drink makers.  E.g., Ex. 1 at Abstract.  In particular, the '629 and '028

24  Patents relate to the mixing vessel for, inter alia, frozen drink makers.  An embodiment of a frozen

25  drink maker is shown below:

ANSWER AND COUNTERCLAIMS - 12
(Case No. 2:25-cv-00954-DWC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10



FIG. 1

11 '629 Patent at Figure 1 (showing mixing vessel at 104).

12     19.     Frozen drink makers typically are used for the making, processing, and/or cooling

13 frozen or semi-frozen products.  '028 Patent at 1:22-53. The '028 Patent describes examples of

14 such products, such as a granita, slush drink, smoothie, or ice cream.  *Id*.; *see also, id*., 3:28-49.

15     20.     The '028 and '629 Patents describe typical components that may be included in a

16 frozen drink maker, such as a mixing vessel or tank (element 104 in the below figures) that contains

17 the product being mixed, a compressor (element 214), a motor (element 208), a rotating dasher or

18 auger (element 204), and a dispenser (element 108).

19

20

21

22

23

24

25

ANSWER AND COUNTERCLAIMS - 13
(Case No. 2:25-cv-00954-DWC)

1
2
3
4
5
6
7
8



9    '028 Patent at Figs. 1 and 2.

10    21.    The claims of the '028 and '629 Patents address deficiencies of existing frozen

11    drink makers associated with controlling the slush flow within the mixing vessel. *Id*., 4:51-53. For

12    example, there is a tendency of the mixing slush to travel up the side walls of the mixing vessel

13    and stick to the top of the chamber.   *Id*., 4:53-60.  Existing frozen drink makers are often made

14    with a very tall mixing vessel so that the slush does not contact the upper sidewalls of the vessel

15    and the top of the chamber. *Id*.  There is a need for controlling slush flow without relying on a tall

16    chamber, especially for household frozen drink makers.  *Id*., 4:57-63.

17    22.    The '028 and '629 Patents address slush flow problems within the mixing vessel

18    through the placement and configuration of internal baffles to optimize slush processing and flow

19    within the vessel.  *Id*., 4:64-67.  The positioning of the internal baffles directs the slush flow for

20    thorough mixing and to prevent blockage within the mixing vessel. *Id*., 1:57-63.  The baffles can

21    also reduce waste, such as the waste created by slush sticking to the vessel rather than being

22    dispensed. *Id*., 1:63-67.

23    23.    The '028 and '629 Patents disclose numerous examples of internal baffles to

24    improve slush flow in the mixing vessel.  For example, the below figure of a vessel chamber

25

ANSWER AND COUNTERCLAIMS - 14
(Case No. 2:25-cv-00954-DWC)

1  (element 104) shows a side baffle (element 105), front baffle (element 107), and corner baffle

2  (element 109).



FIG. 6A

'028 Patent at Figure 6A, 13:10-14:51. As described in the specification of both the '028 and

'629 Patents:

> In other words, the mixing vessel **104** may include the side
> baffle **105**, the front baffle **107**, and/or the corner baffle **109**.
> The side baffle **105**, front baffle **107**, and/or corner baffle
> **109** can reduce slush buildup on the sidewalls and top of the
> vessel chamber, which is important for commercial frozen
> drink makers as well as household frozen drink makers with
> significantly less headspace than commercial units.

'028 Patent, '629 Patent at 14:45-51.

24.    SharkNinja recognized the importance and market value of the '629 and '028

Patents and has used the inventions claimed in these patents in its SLUSHi product.

25.    SharkNinja markets the use of the inventions of the '629 and '028 Patents in selling

its SLUSHi product.  For example, SharkNinja emphases that the compact size of the "Ninja

ANSWER AND COUNTERCLAIMS - 15
(Case No. 2:25-cv-00954-DWC)

SLUSHi™ 88 oz. Professional Frozen Drink Maker" as "an easy way to make frozen drinks at home" and emphasizes its compact size:[1]



Compact size
Easy to store with drip tray storage on the side of the unit.

As explained above, the compact size is facilitated by the inventions claimed in the '629 and '028 Patents.

26.    Additionally, SharkNinja has sought to protect the ornamental design of the SLUSHi and its components.  To that end, SharkNinja has filed for and obtained U.S. Design Patent No. D1,076,580 (attached hereto as Exhibit 3).  In particular, the '580 Patent claims the ornamental design for dasher for a drink maker, as shown in exemplary Fig. 1 of the '580 Patent below:

---

[1] https://www.ninjakitchen.com/products/ninja-slushi-88-oz.-professional-frozen-drink-maker-zidFS301

ANSWER AND COUNTERCLAIMS - 16
(Case No. 2:25-cv-00954-DWC)



FIG. 1

27.     SharkNinja has marked its Ninja® SLUSHi Drink Makers with the '629,'028, and '580 Patent numbers, stating on the product box that "This product may be covered by one or more U.S. Patent.  See sharkninja.com/patents for more information," That URL leads to the following marking:[2]

| Ninja Slush Machines | |
| --- | --- |
| • | Ninja™ SLUSHi™ Professional Frozen Drink Maker (FS series) |
| | •   12,279,629 |
| | •   12,285,028 |
| | •   D1,076,580 |

28.     Additionally, SharkNinja submitted an infringement report to Amazon.com on or about April 29, 2025 with respect to Foshan's Accused Product based on SharkNinja's belief that the Accused Product infringes U.S. Patent No. 12,279,629 (the "'629 Patent").  *See* Exhibit 4. Moreover, according to Foshan's Complaint at ¶ 1, Foshan admitted that it received a notice from Amazon.com dated April 30, 2025, stating that Amazon had received a report from SharkNinja Operating LLC alleging that the Accused Product infringes U.S. Patent No. 12,279,629.

## **COUNTERCLAIM I: INFRINGEMENT OF THE '629 PATENT**

29.     SharkNinja incorporates by reference and realleges the allegations above.

---

[2] Available at https://sharkninja.com/patents/ (last retrieved June 17, 2025).

ANSWER AND COUNTERCLAIMS - 17
(Case No. 2:25-cv-00954-DWC)

30.     U.S. Patent No. 12,279,629 (Exhibit 1), entitled "Mixing Vessel Baffles For a Drink Mixer," was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on April 22, 2025.

31.     SharkNinja Operating LLC owns all rights, title, and interest in the '629 Patent. SharkNinja Sales Company is an implied licensee of the '629 Patent.  Together, SharkNinja Operating LLC and SharkNinja Sales Company (collectively, the "SharkNinja US Entities") are involved in the sale and distribution of the SLUSHi product, and are collectively harmed by the infringing acts of Foshan.

32.     The application for the '629 Patent was filed on January 26, 2024 and claims priority to an application filed on January 18, 2024.

33.     Foshan has directly infringed, and continues to infringe, one or more claims of the '629 Patent, including at least claim 1, in violation of 35 U.S.C. § 271 by, among other things, making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Accused Product.  Foshan has also infringed the '629 Patent by knowingly and actively inducing others to infringe, in contravention of 35 U.S.C. § 271, by encouraging and/or inducing retailers to sell the Accused Product in the United States, and by encouraging and/or inducing consumers to use the Accused Product in the United States.

34.     The Accused Product includes each and every claim component of at least claim 1 of the '629 Patent.  The claim chart below details examples of Foshan's infringement of at least claim 1 of the '629 Patent:

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| 1[Pre]. A mixing vessel for a frozen drink maker, the mixing vessel comprising: | The Accused Product comprises a mixing vessel for a frozen drink maker. |

ANSWER AND COUNTERCLAIMS - 18
(Case No. 2:25-cv-00954-DWC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| |  Accused Product Instruction Manual, at 1.  *Id.*, 4. |

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| |  Photo of Packaging of Accused Product. |
| 1[a]. a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top; | The mixing vessel of Accused Product includes a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top.  Photo of Accused Product (annotated). |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| | <br>Accused Product Instruction Manual, at 5. |
| 1[b]. a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber; and | The mixing vessel of the Accused Product includes a corner baffle positioned at the front and the top of the vessel chamber on the left side.<br><br><br>Photo of Accused Product (annotated). |

ANSWER AND COUNTERCLAIMS - 21
(Case No. 2:25-cv-00954-DWC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| | Photo of Accused Product (annotated). Photo of Accused Product (annotated). |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| |  Photo of Accused Product (annotated). The corner baffle is configured to direct slush flow within the vessel chamber.  Photo of Accused Product. |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| |  Photo of Accused Product. |

ANSWER AND COUNTERCLAIMS - 24
(Case No. 2:25-cv-00954-DWC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| 1[c]. a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top. | The mixing vessel of the Accused Product includes a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top. <br><br>Photo of Accused Product (annotated).<br><br><br><br>Photo of Accused Product (annotated). |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,279,629 | Evidence of Infringement: Accused Product |
|---|---|
| |  Photo of Accused Product (annotated). |

35.     Foshan is liable for contributory infringement of the '629 Patent under 35 U.S.C. § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Product within the United States because the Accused Product constitutes a material part of the invention embodied in the '629 Patent, which Foshan knows to be especially made and/or especially adapted for use in infringement of the '629 Patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

36.     Specifically, Foshan contributes to the infringement of the '629 Patent by, inter alia, promotion, and/or sales of the infringing Accused Products to Foshan's customers, and knowingly instructing those customers to use the Accused Product to infringe the '629 Patent.  Those customers directly infringe the '629 Patent by using the Accused Product.

37.     On information and belief, Foshan has benefited from its infringement of the '629 Patent.  Foshan's use of the inventions of the '629 Patent have made the Accused Product more effective and better able to control its slush flow without relying on a tall mixing chamber, facilitating its suitability as a small household frozen drink maker.

ANSWER AND COUNTERCLAIMS - 26
(Case No. 2:25-cv-00954-DWC)

38.     The SharkNinja US Entities have sustained damages as a direct and proximate result of Foshan's infringement of the '629 Patent.  Foshan has used the invention of the '629 Patent to directly compete with the SharkNinja US Entities and their SLUSHi product. Foshan's infringement of the '629 Patent has caused irreparable harm to the SharkNinja US Entities and will continue to do so unless enjoined.  As a result, the SharkNinja US Entities are entitled to injunctive relief pursuant to 35 U.S.C. § 283.  The SharkNinja US Entities also are entitled to recover damages for Foshan's infringement under 35 U.S.C. § 284.  The amount of damages will be proven at trial.

39.     Foshan was put on notice of its infringement of the '629 Patent through the SharkNinja US Entities' marking of their SLUSHi product and SharkNinja Operating LLC's infringement report to Amazon.com, which Foshan received on April 30, 2025, and the filing of these Counterclaims in this Action.

40.     Foshan's continued infringement of the '629 Patent after it has received notice of the '629 Patent and its infringement of the patent is intentional, knowing, and willful.

## <u>COUNTERCLAIM II: INFRINGEMENT OF THE '028 PATENT</u>

41.     SharkNinja incorporates by reference and realleges the allegations above.

42.     U.S. Patent No. 12,285,028 (Exhibit 2), entitled "Mixing Vessel Baffles For a Drink Mixer," was duly and properly issued by the USPTO on April 29, 2025.

43.     SharkNinja Operating LLC owns all rights, title, and interest in the '028 Patent. SharkNinja Sales Company is an implied licensee of the '028 Patent.  The SharkNinja US Entities are involved in the sale and distribution of the SLUSHi product, and are collectively harmed by the infringing acts of Foshan.

44.     The application for the '028 Patent was filed on August 27, 2024 and claims priority to an application filed on January 18, 2024.

45.     Foshan has directly infringed, and continues to infringe, one or more claims of the '028 Patent, including at least claim 1, in violation of 35 U.S.C. § 271 by, among other things,

making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Accused Product. Foshan has also infringed the '028 Patent by knowingly and actively inducing others to infringe, in contravention of 35 U.S.C. § 271, by encouraging and/or inducing retailers to sell the Accused Product in the United States, and by encouraging and/or inducing consumers to use the Accused Product in the United States.

46.     The Accused Product includes each and every claim component of at least claim 1 of the '028 Patent. For example, Foshan has admitted that the Accused Slushi Machine includes a "side baffle." *See, e.g.*, Foshan Complaint, at ¶ 23 (Chart 1). The claim chart below further details examples of Foshan's infringement of at least claim 1 of the '028 Patent:

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
| 1[Pre]. A mixing vessel for a frozen drink maker, the mixing vessel comprising: | The Accused Product comprises a mixing vessel for a frozen drink maker.<br><br>Accused Product Instruction Manual, at 1. |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
| | <br><br>*Id.*, 4.<br><br><br><br>Photo of Packaging of Accused Product. |
| 1[a]. a vessel chamber configured to receive a | The mixing vessel of the Accused Product includes a vessel chamber configured to receive a drink product to be processed, |

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
| drink product to be processed, the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber, and the at least one asymmetric wall portion configured to promote slush flow within the vessel chamber, | the vessel chamber comprising a front, a rear, a right side, a left side, a top, and a bottom, the vessel chamber comprising at least one asymmetric wall portion proximate to at least one of the front or the top of the vessel chamber.  Photo of Accused Product (annotated).  Accused Product Instruction Manual, at 5. |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
| |  |

*Id.*, 4.

The at least one asymmetric wall portion is configured to promote slush flow within the vessel chamber.

Photo of Accused Product (annotated).

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
| | <br>Photo of Accused Product.<br><br>Photo of Accused Product. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

ANSWER AND COUNTERCLAIMS - 32
(Case No. 2:25-cv-00954-DWC)

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
| 1[b].wherein the at least one asymmetric wall portion comprises a side baffle configured to extend laterally along the left side or the right side of the vessel chamber, the side baffle further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber. | The asymmetric wall portion of the mixing vessel of the Accused Product includes a side baffle configured to extend laterally along the left side or the right side of the vessel chamber.<br><br><br>Photo of Accused Product (annotated).<br><br><br>Complaint, Ex. C (D.I. 1-3), at 2; *see also* Complaint, at ¶ 23. |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
| | The FSMQ Slushie Machine is designed for producing slushie beverages. Its mixing vessel incorporates a single "side baffle," the primary purpose of which is to enhance the agitation and mixing efficiency of slushie ingredients. <br><br> *Id.*, 2. <br><br>  <br><br>  <br><br> *Id.*, 3. <br><br> **Absence of the Claimed "Front Baffle":** The reasons are identical to those detailed for Claim 1. The FSMQ Slushie Machine's mold-release beveled edge does not meet the structural or functional limitations of the "front baffle" required by Claim 20. While the FSMQ machine includes one internal baffle (its side baffle, primarily for agitation efficiency), it does not contain the *claimed type* of "front baffle." Therefore, it fails to meet the limitation that "the at least two internal baffles comprising a front baffle" as defined in the '629 patent. <br><br> *Id.*, 7. |

ANSWER AND COUNTERCLAIMS - 34
(Case No. 2:25-cv-00954-DWC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
|  | The side baffle is further configured to promote slush flow away from the left side or the right side of the vessel chamber and back toward a center of the vessel chamber.<br><br><br><br>Photo of Accused Product.<br><br> |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. 12,285,028 | Evidence of Infringement: Accused Product |
|---|---|
|  | Photo of Accused Product.<br><br>The FSMQ Slushie Machine is designed for producing slushie beverages. Its mixing vessel incorporates a single "side baffle," the primary purpose of which is to enhance the agitation and mixing efficiency of slushie ingredients.<br><br>Complaint, Ex. C (D.I. 1-3), at 2.<br><br>**Absence of the Claimed "Front Baffle":** The reasons are identical to those detailed for Claim 1. The FSMQ Slushie Machine's mold-release beveled edge does not meet the structural or functional limitations of the "front baffle" required by Claim 20. While the FSMQ machine includes one internal baffle (its side baffle, primarily for agitation efficiency), it does not contain the *claimed type* of "front baffle." Therefore, it fails to meet the limitation that "the at least two internal baffles comprising a front baffle" as defined in the '629 patent.<br><br>*Id.*, 7. |

47.     Foshan is liable for contributory infringement of the '028 Patent under 35 U.S.C. § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Product within the United States because the Accused Product constitutes a material part of the invention embodied in the '028 Patent, which Foshan knows to be especially made and/or especially adapted for use in infringement of the '028 Patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

48.     Specifically, Foshan contributes to the infringement of the '028 Patent by, inter alia, promotion, and/or sales of the infringing Accused Product to Foshan's customers, and knowingly instructing those customers to use the Accused Product to infringe the '028 Patent.  Those customers directly infringe the '028 Patent by using the Accused Product.

49.     On information and belief, Foshan has benefited from its infringement of the '028 Patent.  Foshan's use of the inventions of the '028 Patent have made the Accused Product more

ANSWER AND COUNTERCLAIMS - 36
(Case No. 2:25-cv-00954-DWC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    effective and better able to control its slush flow without relying on a tall mixing chamber,

2    facilitating its suitability as a small household frozen drink maker.

3          50.    The SharkNinja US Entities have sustained damages as a direct and proximate

4    result of Foshan's infringement of the '028 Patent.  Foshan has used the invention of the '028

5    Patent to directly compete with the SharkNinja US Entities and their SLUSHi product. Foshan's

6    infringement of the '028 Patent has caused irreparable harm to the SharkNinja US Entities and will

7    continue to do so unless enjoined.  As a result, the SharkNinja US Entities are entitled to injunctive

8    relief pursuant to 35 U.S.C. § 283.  The SharkNinja US Entities also are entitled to recover damages

9    for Foshan's infringement under 35 U.S.C. § 284.  The amount of damages will be proven at trial.

10         51.    Foshan was put on notice of its infringement of the '028 Patent through the

11    SharkNinja US Entities' marking of its SLUSHi product and the filing of these Counterclaims in

12    this Action.

13         52.    Foshan's continued infringement of the '028 Patent after it has received notice of

14    the '028 Patent and its infringement of the patent is intentional, knowing, and willful.

15            **COUNTERCLAIM III:  INFRINGEMENT OF THE '580 PATENT**

16         53.    SharkNinja incorporates by reference and realleges the allegations above.

17         54.    U.S. Patent No. D1,076,580 (Exhibit 3), entitled "Drink Maker Dasher," was duly

18    and properly issued by the USPTO on May 27, 2025.

19         55.    SharkNinja Operating LLC owns all rights, title, and interest in the '580 Patent.

20    SharkNinja Sales Company is an implied licensee of the '028 Patent.  The SharkNinja US Entities

21    are involved in the sale and distribution of the SLUSHi product, and are collectively harmed by

22    the infringing acts of Foshan.

23         56.    The application for the '580 Patent was filed on May 28, 2024 and claims priority

24    to an application filed on January 18, 2024.

25

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

57.     Foshan has directly infringed, and continues to infringe, one or more claims of the '580 Patent in violation of 35 U.S.C. § 271 by, among other things, making, using, offering to sell, and/or selling within the United States, supplying or causing to be supplied in or from the United States, and/or importing into the United States, without authority or license, the Accused Product. Foshan has also infringed the '580 Patent by knowingly and actively inducing others to infringe, in contravention of 35 U.S.C. § 271, by encouraging and/or inducing retailers to sell the Accused Product in the United States, and by encouraging and/or inducing consumers to use the Accused Product in the United States.

58.     The claim chart below details examples of Foshan's infringement of the '580 Patent:

| U.S. Patent No. D1,076,580 | Evidence of Infringement: Accused Product |
|---|---|
|  FIG. 1 | |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| U.S. Patent No. D1,076,580 | Evidence of Infringement: Accused Product |
|---|---|
|  FIG. 2 |  |
|  FIG. 3 |  |
| FIG. 4  |  |

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



| U.S. Patent No. D1,076,580 | Evidence of Infringement: Accused Product |
|---|---|
| FIG. 5 | |
| FIG. 6 | |
| FIG. 7 | |

18   59.   Foshan is liable for contributory infringement of the '580 Patent under 35 U.S.C. §

19   271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Product

20   within the United States because the Accused Product constitutes a material part of the invention

21   embodied in the '580 Patent, which Foshan knows to be especially made and/or especially adapted

22   for use in infringement of the '580 Patent, and which is not a staple article or commodity of

23   commerce suitable for substantial non-infringing use.

24   60.   Specifically, Foshan contributes to the infringement of the '580 Patent by, inter alia,

25   promotion, and/or sales of the infringing Accused Product to Foshan's customers, and knowingly

ANSWER AND COUNTERCLAIMS - 40
(Case No. 2:25-cv-00954-DWC)

1    instructing those customers to use the Accused Product to infringe the '580 Patent.  Those

2    customers directly infringe the '580 Patent by using the Accused Product.

3        61.    On information and belief, Foshan has benefited from its infringement of the '580

4    Patent.

5        62.    The SharkNinja US Entities have sustained damages as a direct and proximate

6    result of Foshan's infringement of the '580 Patent.  Foshan has used the invention of the '580

7    Patent to directly compete with the SharkNinja US Entities and its SLUSHi product. Foshan's

8    infringement of the '580 Patent has caused irreparable harm to the SharkNinja US Entities and will

9    continue to do so unless enjoined.  As a result, the SharkNinja US Entities are entitled to injunctive

10   relief pursuant to 35 U.S.C. § 283.  The SharkNinja US Entities also are entitled to recover damages

11   for Foshan's infringement under 35 U.S.C. §§ 284 or 289.  The amount of damages will be proven

12   at trial.

13       63.    Foshan was put on notice of its infringement of the '580 Patent through the

14   SharkNinja US Entities' marking of their SLUSHi product and the filing of these Counterclaims

15   in this Action.

16       64.    Foshan's continued infringement of the '580 Patent after it has received notice of

17   the '580 Patent and its infringement of the patent is intentional, knowing, and willful.

18                                **PRAYER FOR RELIEF**

19   WHEREFORE, SharkNinja prays for relief, as follows:

20   (a)    A judgment that each of the SharkNinja Asserted Patents is valid and enforceable.

21   (b)    A judgment that Foshan has infringed one or more claims of each of the SharkNinja

22          Asserted Patents.

23   (c)    A judgment awarding SharkNinja all damages adequate to compensate for Foshan's

24          infringement of the SharkNinja Asserted Patents, including all pre-judgment and

25          post-judgment interest at the maximum rate permitted by law.

ANSWER AND COUNTERCLAIMS - 41
(Case No. 2:25-cv-00954-DWC)

1    (d)    A preliminary and permanent injunction restraining Foshan, its officers, agents,
2           servants, employees, attorneys, and those persons acting in concert with Foshan,
3           from making, using, offering to sell, selling, distributing, and/or importing the
4           Accused Product to the patent infringement claims above.

5    (e)    A judgment that Foshan's infringement of the SharkNinja Asserted Patents has been
6           willful.

7    (f)    A judgment that damages should be trebled pursuant to 35 U.S.C. § 284 because of
8           Foshan's willful infringement of the SharkNinja Asserted Patents.

9    (g)    A judgment that this is in exceptional case and an award to SharkNinja of its costs
10          and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. §
11          285; and

12   (h)    Such other relief as this Court deems just and proper.

13                              **<u>DEMAND FOR JURY TRIAL</u>**

14   Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja hereby demands a trial by
15   jury on all issues triable by a jury.

16

17   DATED this 20th day of June, 2025.

18                                        CORR CRONIN LLP

19

20                                        *s/ Eric A. Lindberg*
                                          Eric A. Lindberg, WSBA No. 43596
21                                        1015 Second Avenue, Floor 10
                                          Seattle, Washington 98104-1001
22                                        Telephone: (206) 625-8600
                                          elindberg@corrcronin.com
23

24                                        Brian Rosenthal (*pro hac vice forthcoming*)
                                          GIBSON, DUNN & CRUTCHER LLP
25                                        200 Park Avenue
                                          New York, NY 10166-0193

ANSWER AND COUNTERCLAIMS - 42
(Case No. 2:25-cv-00954-DWC)

Telephone: (212) 351-4000
brosenthal@gibsondunn.com

Brian Buroker (*pro hac vice forthcoming*)
David Brzozowski (*pro hac vice forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500
bburoker@gibsondunn.com
dbrzozowski@gibsondunn.com

David Glandorf (*pro hac vice forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St.
Denver, CO 80202-2211
Telephone: (303) 298-5700
dglandorf@gibsondunn.com

*Attorneys for SharkNinja Operating LLC, and*
*SharkNinja Sales Company*

ANSWER AND COUNTERCLAIMS - 43
(Case No. 2:25-cv-00954-DWC)