THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FOSHAN MACJERRY TECHNOLOGY CO., LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> SHARKNINJA OPERATING LLC, <br><br> *Defendant.* | Case No. 2:25-cv-00954-TL <br><br> JOINT STATUS REPORT AND DISCOVERY PLAN |
| SHARKNINJA OPERATING LLC, and SHARKNINJA SALES COMPANY, <br><br> *Counterclaim-Plaintiffs,* <br><br> v. <br><br> FOSHAN MACJERRY TECHNOLOGY CO., LTD., <br><br> *Counterclaim-Defendant.* | |

Pursuant to Fed. R. Civ. P. 26(f) and LCR 26(f), the parties, by and through their undersigned counsel, hereby respectfully submit their Joint Status Report and Discovery Plan as follows:

**1.    A statement of the nature and complexity of the case:**

**Plaintiff:**

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
(Case No. 2:25-cv-00954-DWC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  Initiated this action seeking a Declaratory Judgment of non-infringement for its slushie machine products (ASIN B0DT429T6D, the "Accused Product") concerning U.S. Patent No. 12,279,629 (the "'629 Patent"). This action was prompted by a notice from Amazon.com alleging infringement of the '629 Patent by Foshan's product. Foshan asserts that its Accused Product does not infringe the '629 Patent, specifically lacking the "front baffle" and "corner baffle" limitations.

Foshan denies infringement of all three asserted patents and has raised several affirmative defenses, including non-infringement, invalidity under 35 U.S.C. §§ 101, 102, 103, and 112 (citing specific prior art), no willful infringement, failure to mark, laches, estoppel, and failure to state a claim. The recent issuance dates of the patents-in-suit ('629 Patent on April 22, 2025, '028 Patent on April 29, 2025, and '580 Patent on May 27, 2025) suggest a significant focus on invalidity challenges and require thorough prior art investigation and expert analysis.

**Defendant:**

Upon discovering Macjerry's Accused Product for sale on Amazon and having a good faith basis for asserting that the Accused Product infringed Defendant SharkNinja Operating LLC's ("Defendant") '629 Patent, Defendant initiated an alternative dispute resolution action through Amazon (called an "APEX" procedure) by which Amazon would assess the infringement of the Accused Product to Defendant's '629 Patent. In response to initiating the APEX procedure, Macjerry filed this instant case for declaratory judgment of noninfringement of the '629 Patent.

Based on Macjerry's own admissions in its Complaint and Defendant's good faith basis for alleging infringement, Defendant and Counterclaim-Plaintiffs SharkNinja Operating LLC, along with SharkNinja Sales Company (collectively, "SharkNinja"), filed an Answer and Counterclaims asserting the '629 Patent against Macjerry's Accused Product, along with the related U.S. Patent No. 12,285,028 (the "'028 Patent") and U.S. Design Patent No. D1,076,580 (the "'580 Patent") (directed to the shape of the dasher (or auger) in the Accused Product) (collectively, the "Asserted Patents").

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
(Case No. 2:25-cv-00954-DWC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The issues in this action are not complex as the Accused Product literally infringes the '629 Patent, '028 Patent, and the '580 Patent, including because Macjerry's own admissions in its Complaint aid in establishing SharkNinja's infringement position. SharkNinja further contends that the issues are in this case are not complex due to the nature of the technology-at-issue: at-home slushy machines. As such, the parties should be able to handle any issues pertaining to the validity or infringement of the Asserted Patents within the confines of the joint schedule proposed below.

**2.     A proposed deadline for the joining of additional parties:**

The parties propose a deadline of **January 16, 2026** for the joining of additional parties.

**3.     Consent to assignment of this case to a full-time United States Magistrate Judge to conduct all proceedings:**

The parties do not consent to assignment of this case to a full-time United States Magistrate Judge.

**4.     A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3):**

<u>Initial Disclosures</u>: The parties exchanged their Initial Disclosure Statements on August 19, 2025.

<u>Subjects, timing, and potential phasing of discovery</u>: The parties anticipate that discovery will be sought regarding the allegedly infringing products and/or methods, alleged prior art, ownership and licensing of the Patents-in-Suit, damages, and defenses. The parties agree to the contention and claim construction discovery phasing that the Local Patent Rules impose. *See* Local Patent Rule 112. The parties also propose that expert discovery should be phased after fact discovery, as shown in the proposed schedules below. The parties agree to the following schedule:

| Event | |
|---|---|
| Initial Disclosures | August 19, 2025 |
| Joint Status Report | September 2, 2025 |

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
(Case No. 2:25-cv-00954-DWC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

| Event | |
|---|---|
| Disclosure of Asserted Claims and Infringement Contentions | September 19, 2025 |
| Non-Infringement and Invalidity Contentions | October 20, 2025 |
| Document Production Accompanying Invalidity Contentions | October 20, 2025 |
| Exchange of Proposed Terms and Claim Elements for Construction | November 10, 2025 |
| Exchange of Preliminary Claim Construction and Extrinsic Evidence | December 10, 2025 |
| Joint Claim Construction and Prehearing Statement | January 23, 2026 |
| Expert Disclosure on Claim Construction | January 28, 2026 |
| Rebuttal Expert Disclosure on Claim Construction | February 20, 2026 |
| Completion of Claim Construction Discovery | March 13, 2026 |
| Opening Claim Construction Brief | March 19, 2026 |
| Responsive Claim Construction Brief | April 3, 2026 |
| Claim Construction Hearing | As ordered by the Court |
| Advice of Counsel Defense Disclosures and Accompanying Document Production | 30 days after service by the Court of its Claim Construction Ruling |
| Amend Pleadings Without Leave of Court | 30 days after service by the Court of its Claim Construction Ruling |
| Close of Fact Discovery | 45 days after service by the Court of its Claim Construction Ruling |
| Opening Expert Reports | 8 weeks after Close of Fact Discovery |
| Rebuttal Expert Reports | 8 weeks after Opening Expert Reports |
| Close of Expert Discovery | 4 weeks after Rebuttal Expert Reports |
| Dispositive Motions and *Daubert* Motions | 30 days after Close of Expert Discovery |
| Opposition to Dispositive Motions and *Daubert* Motions | 21 days after opening dispositive and *Daubert* motions |
| Replies in Support of Dispositive Motions and *Daubert* Motions | 14 days after dispositive and *Daubert* oppositions |
| Jury Trial | 90 days after decisions on dispositive and *Daubert* motions are issued |

Electronically stored information:

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
(Case No. 2:25-cv-00954-DWC)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The parties are discussing the Court's Model Agreement Regarding Discovery of Electronically Stored Information ("ESI"), and will submit a proposed ESI Order.

<u>Privilege issues</u>:

The parties expect to address this issue together with discussions related to confidential information and the entry of a Protective Order, and further expect to agree on a procedure for handling the inadvertent production of privileged information.

<u>Proposed limitations on discovery</u>:

The parties agree to the following limitations on discovery:

- Interrogatories: The parties do not propose modifying any of the permissible discovery set forth in FRCP 33.
- Requests for Production: The parties do not propose modifying any of the permissible discovery set forth in FRCP 34.
- Requests for Admission:
    - 50 Requests for Admission per side.
- Fact Depositions:
    - 56 hours per side (party only)
    - For depositions where an interpreter is required, the time allotment available under this order is increased by 43% to account for the translation time (*e.g.*, a 7-hour deposition is increased to 10 hours if using an interpreter).
- Expert Depositions:
    - 7 hours per expert, with the exception that if an expert is addressing both invalidity and noninfringement, the other side will be entitled to a total of 14 hours per expert.

<u>The need for any discovery-related orders</u>:

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
(Case No. 2:25-cv-00954-DWC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

At this time, the parties do not currently anticipate the need for discovery-related orders other than a Protective Order and ESI Order.

**5.     The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

(A)     Prompt case resolution:

The parties are dedicated to a prompt resolution of this case to the extent possible and shall engage in settlement discussions when appropriate.

(B)     Alternative dispute resolution:

The parties are open to exploring prompt case resolution through mediation or other alternative dispute resolution methods after the completion of claim construction.

(C)     Related cases:

There are no related cases.

(D)     Discovery management:

The parties intend to manage discovery cooperatively and efficiently, in accordance with the Federal Rules of Civil Procedure and the Local Patent Rules for the Western District of Washington.

(E)     Anticipated discovery sought:

*See* Section 4 above. The parties anticipate that discovery will be sought regarding the allegedly infringing product, alleged prior art, ownership and licensing of the Patents-in-Suit, damages, and defenses related to both the Complaint and Counterclaims. The parties shall seek discovery as directed, *inter alia,* by the Local Patent Rules.

(F)     Phasing of motions:

*See* Section 4 above. The parties do not anticipate filing early dispositive motions, but reserve their respective rights to do so.

(G)     Preservation of discoverable information:

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
(Case No. 2:25-cv-00954-DWC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The parties acknowledge their ongoing obligation to preserve all discoverable information, including electronically stored information, related to the claims and defenses in this action.

(H)  <u>Privilege issues</u>:

*See* Section 5(D) above.

(I)  <u>Model Protocol for Discovery of ESI</u>:

*See* Section 4 above.

(J)  <u>Alternatives to Model Protocol</u>:

*See* Section 4 above.

**6.  The date by which discovery can be completed:**

*See* Section 4 above.

**7.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way:**

**Plaintiff:**

Plaintiff proposes that the case be bifurcated into separate phases for liability (infringement and validity) and damages.

**Defendant:**

SharkNinja rejects Plaintiffs' notion that the case be bifurcated. Given the nature of this case, including the relative lack of complexity, the parties should be able to present streamlined arguments as to both liability and damages in a single trial. Given this lack of complexity, the presentation of both liability and damages should not overly burden or confuse a jury, such that these issues should be bifurcated.

**8.  Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy:**

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
(Case No. 2:25-cv-00954-DWC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The parties will discuss further whether to dispense with pretrial statements or propose modifications to their requirements closer to the trial date, balancing economy with the need for thorough preparation in a patent case.

**9.     Any other suggestions for shortening or simplifying the case:**

The parties commit to ongoing cooperation and communication to identify opportunities for streamlining the litigation process, including leveraging technology for discovery and exploring early resolution possibilities through focused discussions.

The parties do not at this time believe a tutorial to understand the technology claimed by the Patents-in-Suit is necessary. However, should the Court desire a tutorial, the parties are amenable to providing one. Should the Court desire a tutorial, it should be scheduled at the time of the *Markman* hearing or at any other time as the Court desires.

The parties agree that after contentions are served and before claim construction terms are exchanged, the parties will confer on whether the number of claims at issue can be narrowed before claim construction proceedings begin. The parties also agree to confer on further narrowing the number of claims at issue and the number of asserted prior art references after the Court issues its *Markman* order, before expert reports.

**10.    The date the case will be ready for trial:**

*See* Section 4 above. The case will be ready for trial 90 days after rulings on dispositive and *Daubert* motions.

**11.    Whether the trial will be jury or non-jury:**

The parties request a jury trial.

**12.    The number of trial days required:**

**Plaintiff:**

Plaintiff estimates that a jury trial in this matter will require approximately 7 to 10 trial days.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
(Case No. 2:25-cv-00954-DWC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**Defendant:**

SharkNinja estimates that a jury trial in this matter will require approximately 5 to 7 trial days.

**13.** **The names, addresses, and telephone numbers of all trial counsel:**

**For Plaintiff and Counter-Defendant Foshan Macjerry Technology Co., Ltd.:**

**Carl J. Marquardt** (WSBA No. 23257) Law Office of Carl J. Marquardt 1126 34th Avenue, Suite 311 Seattle, WA 98122 Telephone: (206) 388-4498 Email: carl@cjmlawoffice.com

**Ruoting Men** (WSBA No. 63842) Glacier Law LLP 41 Madison Avenue, Ste. 2529 New York, NY 10010 Telephone: (212) 729-5033 Email: dandan.pan@glacier.law

**Dandan Pan** (PHV admitted) Glacier Law LLP 41 Madison Avenue, Ste. 2529 New York, NY 10010 Telephone: (212) 729-5033 Email: dandan.pan@glacier.law

**For Defendants and Counter-Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company:**

**Eric Lindberg**, WSBA No. 43596
CORR CRONIN LLP
1015 Second Ave., Floor 10,
Seattle, Washington 98104-1001
Telephone: (206) 625-8600
Email: elindberg@corrcronin.com

**Brian Rosenthal** (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Email: brosenthal@gibsondunn.com

**Brian Buroker** (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M. Street, N.W., Washington, D.C. 20036-4504

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
(Case No. 2:25-cv-00954-DWC)

Telephone: (202) 955-8500
Email: bburoker@gibsondunn.com

**David Glandorf** (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St.
Denver, CO 80202-2211
Telephone: (303) 298-5700
dglandorf@gibsondunn.com

**David Brzozowski** (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M. Street, N.W., Washington, D.C. 20036-4504
Telephone: (202) 955-8500
Email: dbrzozowski@gibsondunn.com

14. **The dates on which the trial counsel may have complications to be considered in setting a trial date:**

Counsel does not currently have any scheduling conflicts

15. **Service on other parties:**

Not applicable at this time.

16. **Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case:**

At this time, the parties do not anticipate the need for a scheduling conference.

17. **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1:**

Foshan Macjerry Technology Co. Ltd.: Filed on May 19, 2025 (Docket 2).

SharkNinja Operating LLC: Filed on June 24, 2025 (Docket 15).

18. **Rule 110 for Patent Cases:**

**(1) Whether changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The parties do not propose any changes for the disclosures under Rule 26(a).

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
(Case No. 2:25-cv-00954-DWC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

*See* Sections 4 and 5(E) above.

**(3) Whether changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

*See* Section 4 above.

**(4) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c);**

The parties do not anticipate the need for any other orders by the Court under Rule 26(c) or under Rule 16(b) and (c).

**(5) Any proposed modification of the deadlines provided for in these Local Patent Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;**

The parties do not propose any modifications of the deadlines provided for in the Local Patent Rules. *See* Section 4 above.

**(6) Whether confidentiality concerns affect the disclosures contemplated in these rules and, if so, the parties' position on how they should be addressed;**

The parties do not foresee confidentiality concerns affecting the disclosures, but to the extent such concerns arise, the parties will meet and confer to address these concerns.

**(7) Whether and/or when a tutorial might be scheduled to assist the Court to understand the underlying technology;**

*See* Section 9 above.

**(8) Whether discovery should be allowed before the disclosures required by Patent Local Rule 120;**

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
(Case No. 2:25-cv-00954-DWC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The parties agree that discovery should be allowed before the disclosures required by Patent Local Rule 120.

**(9) Whether any party plans to bring a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing and, if so, the nature of such motion;**

**Plaintiff:**

If the Plaintiff's ASIN is taken down due to a complaint from the Defendant, or if the Defendant proactively initiates a PI request, the Plaintiff will seek Preliminary Injunction relief, requesting Defendant to refrain from changing the status quo and interrupting Plaintiff's business.

**Defendant:**

At this time, SharkNinja is considering its options for obtaining preliminary injunctive relief for the Asserted Patents, or whether any early dispositive motions may more quickly resolve the issues in this case.

**(10) The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;**

The parties do not foresee the need for any specific limits on discovery relating to claim construction.

**(11) Whether the Court should appoint an expert to hear and make recommendations on claim construction issues;**

The parties do not foresee the need for the Court to appoint an expert to hear and make recommendations on claim construction issues.

**(12) The nature of the Claims Construction Hearing (e.g., an evidentiary hearing);**

**Plaintiff:** The Plaintiff believes that a Claim Construction Hearing will be necessary to resolve the parties' fundamental disputes regarding claim term construction. The Plaintiff believes

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
(Case No. 2:25-cv-00954-DWC)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

that given the technical nature of the patents and the potential for a complex dispute over the meaning of claim terms, live expert testimony at the hearing may be necessary to assist the Court in understanding the underlying technology and the parties' respective positions on claim scope.

**Defendant:** At this time, given the nature of the case and lack of complexity of the technology of the Asserted Patents, it is SharkNinja's position that the Claim Construction Hearing will comprise attorney presentations and potential demonstratives, but live expert testimony will not be necessary. SharkNinja reserves all rights to offer expert testimony to the extent that Plaintiff so offers expert testimony.

**(13) Proposed deadlines for discovery, dispositive motions, mediation, and trial dates; and**

See Sections 4 and 5(b) above.

**(14) Whether the Court should hold a Scheduling Conference to address the issues raised in the Joint Status Report.**

See Section 16 above.

DATED this 2nd day of September, 2025.

CORR CRONIN LLP

*s/ Eric A. Lindberg*
Eric A. Lindberg, WSBA No. 43596
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tele: (206) 625-8600
elindberg@corrcronin.com

Brian Rosenthal (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tele: (212) 351-4000
brosenthal@gibsondunn.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 13
(Case No. 2:25-cv-00954-DWC)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Brian Buroker (*Admitted pro hac vice*)
David Brzozowski (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel: (202) 955-8500
bburoker@gibsondunn.com
dbrzozowski@gibsondunn.com

David Glandorf (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St.
Denver, CO 80202-2211
Tel: (303) 298-5700
dglandorf@gibsondunn.com

*Attorneys for SharkNinja Operating LLC, and SharkNinja Sales Company*


<u>s/ Dandan Pan, Esq.</u>
Dandan Pan, Esq. (PHV admitted)
GLACIER LAW LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
Tel: (212) 729-5033
Dandan.pan@glacier.law

Carl J. Marquardt (WSBA No. 23257)
LAW OFFICE OF CARL J. MARQUARDT PLLC
1126 34th Avenue, Suite 311 Seattle, WA 98122
Tel: (206) 388-4498
carl@cjmlawoffice.com

*Attorneys for Plaintiff/Counter-Defendant*

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
(Case No. 2:25-cv-00954-DWC)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/Wen Cruz*
Wen Cruz

JOINT STATUS REPORT AND DISCOVERY PLAN - 15
(Case No. 2:25-cv-00954-DWC)

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900