HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FOSHAN MACJERRY TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHARKNINJA OPERATING LLC, <br><br> Defendant. <br><br> SHARKNINJA OPERATING LLC, and SHARKNINJA SALES COMPANY, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> FOSHAN MACJERRY TECHNOLOGY CO., LTD., <br><br> Counterclaim-Defendant. | Case No. 2:25-cv-00954-TL <br><br> SHARKNINJA OPERATING LLC'S AND SHARKNINJA SALES COMPANY'S MOTION TO TRANSFER <br><br> **NOTE ON MOTION CALENDAR: NOVEMBER 24, 2025** <br><br> **ORAL ARGUMENT REQUESTED** |

SHARKNINJA'S MOTION TO TRANSFER
Case No. 2:25-cv-00954-TL

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I.  INTRODUCTION AND RELIEF REQUESTED

For reasons relating to judicial efficiency and party convenience, SharkNinja Operating LLC and SharkNinja Sales Company ("Defendant/Counterclaim-Plaintiffs" or "SharkNinja") hereby move this Court for an order transferring the above-captioned action ("Action") to the District of Massachusetts.  As explained more fully below, neither the Plaintiff, Foshan Macjerry Technology Co., Ltd, ("Plaintiff" or "Macjerry"), nor SharkNinja have any reason to try the case in the Western District of Washington, and nor are there any relevant facts to the dispute that are specific to this District.  Furthermore, a nearly identical case involving substantially the same patents-in-suit is pending in the District of Massachusetts, which is the location of the witnesses and facts relevant to this dispute.  This Motion should be granted for these reasons, as more fully set forth below.

## II.  BACKGROUND

SharkNinja is a designer and seller of home appliance products headquartered in Massachusetts. Santiago Decl., ¶ 5.  SharkNinja currently offers over 20 categories of home appliance products, including floorcare products, environmental products (such as fans and air purifiers), kitchen and indoor cooking appliances, and frozen drink makers and systems. *Id.* SharkNinja recently introduced the Ninja SLUSHi Professional Frozen Drink Maker (the "SLUSHi"), a countertop professional-grade slush machine for home-use, in 2024. *Id.*, ¶ 6.

On April 29, 2025, SharkNinja submitted infringement reports to Amazon.com ("Amazon") documenting that numerous sellers on Amazon were listing for sale slushie machines for home-use that infringe SharkNinja's U.S. Patent No. 12,279,629 (the "'629 Patent").  At least one of those listings related to a slushie machine being sold by Plaintiff (the "Accused Product").

On May 19, 2025, Plaintiff filed the above-referenced case's Complaint for Declaratory Judgment ("Complaint") in this Court, asking for a declaratory judgment that its Accused Product does not infringe any claims of the '629 Patent.

SHARKNINJA'S MOTION TO TRANSFER
Case No. 2:25-cv-00954-TL - 1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

On June 20, 2025, SharkNinja filed its answer and counterclaims in this case, asserting infringement of the '629 Patent, as well as infringement of two additional patents against the Plaintiff's Accused Product: 12,285,028 (the "'028 Patent"); and D1,076,580 ("the '580 Patent") (the "Asserted Patents"). As detailed in its counterclaims, SharkNinja is the developer and owner of each of the three patents asserted, each of which is practiced by its own product, the SLUSHi.

### III. LEGAL STANDARD

This Court has the discretion to transfer cases in the interests of convenience and justice to another district in which venue would be proper. Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Courts have interpreted § 1404(a) to have two requirements. *See, e.g. Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). First, the moving party must make a showing that the suit "might have been brought" in the transferee court in the first instance; in other words, that the transferee court would have subject matter and personal jurisdiction over the matter, and venue would have been proper. *See Okanogan Valley Transp. LLC v. Ace Prop. & Cas. Ins. Co.*, No. C20-1153JLR, 2020 WL 5946430, at *1 (W.D. Wash. Oct. 7, 2020). Upon this initial showing, the court then considers whether "the transfer be for the convenience of parties and witnesses, and in the interest of justice." *Amazon.com*, 404 F. Supp. 2d at 1259.

In the Ninth Circuit, courts use a nine-factor balancing test to assess whether transfer would be convenient and in the interests of justice:

> (1) the location where the relevant agreements were negotiated and executed,
> (2) the state that is most familiar with the governing law,
> (3) the plaintiff's choice of forum,
> (4) the respective parties' contacts with the forum,
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum,

SHARKNINJA'S MOTION TO TRANSFER - 2
Case No. 2:25-cv-00954-TL

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

     (6) the differences in the costs of litigation in the two forums,
     (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses,
     (8) the ease of access to sources of proof, and
     (9) the public policy considerations of the forum state.

*Okanogan Valley*, 2020 WL 5946430, at *1 (*citing Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000)). "Because these factors cannot be mechanically applied to all types of cases, they shall be considered here under the statutory requirements of convenience of witnesses, convenience of parties, and in the interests of justice." *See Amazon.com*, 404 F. Supp. 2d at 1259. For example, in this Action, Factor 1 (the location where the relevant agreements were negotiated and executed) is not relevant as Plaintiff and SharkNinja have not been involved in or negotiated any agreements amongst each other that would give rise to an action.

## IV.    ARGUMENT

### A. Where the Action Might Have Been Brought

Plaintiff unquestionably could have brought this action in the District of Massachusetts, as subject matter and personal jurisdiction would both be satisfied and venue would be proper.

As an initial matter, the District of Massachusetts has subject matter jurisdiction over this dispute. *See* 35 U.S.C. § 1338(a). As Plaintiff correctly admits in its Complaint, its request for declaratory judgment of non-infringement of the '629 Patent arises "under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq*." *See* Compl., ¶ 6.

The District of Massachusetts would also have personal jurisdiction over the parties. As to Plaintiff, it admits that it offers for sale and sells the Accused Product online at Amazon.com. *See* Compl., ¶ 12. Consumers in Massachusetts may access Plaintiff's listing for the Accused Product on Amazon.com and purchase the Accused Product for delivery in Massachusetts. Such contacts are sufficient to establish personal jurisdiction over Plaintiff. *See Hilsinger Co. v. FBW Invs.*, 109 F. Supp. 3d 409, 425-28 (D. Mass. 2015). And as to SharkNinja, its headquarters and principal place

SHARKNINJA'S MOTION TO TRANSFER - 3
Case No. 2:25-cv-00954-TL

**Corr Cronin llp**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of business is in Massachusetts, and as such, the court would have general personal jurisdiction over SharkNinja. *See Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 57 (1st Cir. 2020) (*citing Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also* Santiago Decl., ¶ 7.

Venue would have also been proper in the District of Massachusetts for a declaratory judgment action brought against SharkNinja, which is the district where SharkNinja is headquartered and conducts business. 28 U.S.C. § 1391(b) & (c); *see also U.S. Aluminum Corp. v. Kawneer Co., Inc.*, 694 F.2d 193, 195 (9th Cir. 1982) ("Venue in a declaratory judgment action for patent non-infringement and invalidity is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b)."); *see also* Santiago Decl., ¶¶ 7–8. Indeed, had this matter been brought as a patent infringement case by SharkNinja against Macjerry, venue would also have been proper in the District of Massachusetts, as Macjerry is a foreign corporation that conducts business through the online marketplace Amazon, which offers for sale and sells the Accused Product in Massachusetts as well as Washington. *See* Compl., ¶ 4; 28 U.S.C. § 1391(c) (stating that "a defendant not resident in the United States may be sued in any judicial district"); *In re HTC Corp.*, 889 F.3d 1349, 1355 (Fed. Cir. 2018) (confirming that 28 U.S.C. § 1391 applies to foreign patent defendants).

Therefore, SharkNinja has made the threshold showing that this action might have been brought in the District of Massachusetts.

**B.  The Nine-Factor Balancing Test**

**1.  The respective parties' contacts with the forum**

Neither of the parties have specific contacts with the Western District of Washington. In their Complaint, Plaintiff does not argue otherwise, stating only that "[p]laintiff FSMQ [Macjerry] does business in this District through [the] on-line marketplace, Amazon, using the name,

SHARKNINJA'S MOTION TO TRANSFER - 4
Case No. 2:25-cv-00954-TL

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

FSMQ." Compl., ¶ 4.  SharkNinja, on the other hand, has substantial contacts with Massachusetts as compared to Washington.  Santiago Decl., ¶¶ 7–8.  Indeed, SharkNinja's headquarters is located in Needham, Massachusetts, and three of its eight United States locations are in the Commonwealth of Massachusetts; none are in Washington state.  *Id.*, ¶ 9.  The majority of SharkNinja's United States employees operate out of Massachusetts, over 1,000 people as of the date of this motion.  *Id.*, ¶ 10.  Therefore, Defendants' strong contacts with Massachusetts make this factor weigh heavily in favor of transfer.

**2. Contacts relating to the Plaintiff's cause of action in the chosen forum**

The location of the evidence and witnesses relating to the cause of action also weigh in favor of transferring this action to the District of Massachusetts.  Indeed, there are no witnesses or evidence located in the Western District of Washington that would have any bearing on the claims or defenses in this action.  Santiago Decl., ¶¶ 8–9.  In fact, the *only* connection this action has to the Western District of Washington relates to Amazon; namely, Plaintiff's sale of the Accused Product on Amazon.com and SharkNinja's initiation of the Amazon Patent Evaluation Express Procedure (APEX) proceeding where Plaintiff was allegedly first notified of its infringement of SharkNinja's intellectual property.  However, Amazon is neither a party to this action, and nor is it implicated in any of the claims or defenses at issue in this case.  That Amazon temporarily removed Plaintiff's listing for its Accused Product from Amazon.com in response to receiving SharkNinja's APEX submission has no bearing on the Court's evaluation of the issues of infringement and validity in this case, and as such, does not create a connection between this action and the Western District of Washington.  Therefore, despite Amazon's presence in this District, it will not have any involvement in this action.

To the contrary, witnesses and evidence relevant to this action are located in Massachusetts.  *Id.*, ¶¶ 8, 11–12.  In response to SharkNinja's counterclaims asserting infringement of the three

SHARKNINJA'S MOTION TO TRANSFER - 5
Case No. 2:25-cv-00954-TL

patents, Plaintiff has asserted non-infringement and invalidity defenses, as is typical in patent cases. *See* D.I. 21, at 8–9. Discovery concerning the invalidity of the patents will include evidence relating to the conception, reduction to practice, and development of the patented technology. The two utility patents in the case share a common set of four inventors. One of the named inventors (Vipul Mone) is located in Massachusetts, and another (Michael Lerman) is located nearby in Rhode Island.[1] Santiago Decl., ¶¶ 11–12. The asserted design patent (the '580 Patent) lists three of the same named inventors as those listed in the utility patents in addition to three international inventors. Of those named inventors, Michael Lerman is located in Rhode Island, and is within the District of Massachusetts' subpoena power. *Id.*, ¶ 12. As such, two of the named United States inventors are located in either Massachusetts or Rhode Island. SharkNinja's in-house counsel, including its litigation and intellectual property counsel, are also based in its headquarters in Needham, Massachusetts.

Therefore, this factor weighs in favor of transferring this action to the District of Massachusetts.

**3. The differences in the costs of litigation in the two forums**

As previously discussed, there are no witnesses or evidence present in the Western District of Washington relevant to the claims and defenses asserted in this case. Therefore, any costs incurred for travel to Seattle for this case for witnesses is simply unnecessary, and would be significantly lessened by transfer to Massachusetts for both parties.

Furthermore, there is another recently filed case in the District of Massachusetts involving the same two utility patents and the online sale of infringing slushie machines on Amazon. *Shenzhen SaLilan Tech. Co., Ltd. d/b/a salilankeji, et al v. SharkNinja Operating LLC, et al.*, Case No. 1:25-

---

[1] The remaining two named inventors, Alexander Mularski and Macrae Benziger) are no longer employed by SharkNinja.

SHARKNINJA'S MOTION TO TRANSFER - 6
Case No. 2:25-cv-00954-TL

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

cv-12447 (D. Mass. Sep. 3, 2025), at D.I. 6. Indeed, the accused machines are remarkably similar in appearance, and there will be substantial overlap in the infringement issues as a result of this similarity.

| Accused Products ||
|---|---|
| **2:25-cv-00954-TL (W.D. Wa)** | **1:25-cv-12447 (D. Mass)** |

Regardless of infringement, the question of the validity of the Asserted Patents will be common to both cases, as will the evidence and testimony concerning conception, development, and reduction to practice of the patented technology. The question of whether the court in Massachusetts

SHARKNINJA'S MOTION TO TRANSFER - 7
Case No. 2:25-cv-00954-TL

will join or at least coordinate discovery and claim construction across the two actions is a decision for that court to make, but transferring this case to Massachusetts allows for that option. But regardless of whether the District of Massachusetts decides to join these two cases, coordinate discovery, and/or hold a common claim construction hearing, it is clear that transferring this case to Massachusetts would result in substantial cost savings.

**4. Ease of access to sources of proof**

For the reasons previously discussed, the majority of the evidence and testimony required in this action is located with SharkNinja in Massachusetts, such as some of the named inventors of the Asserted Patents and evidence relating to SharkNinja's conception and reduction to practice of the Ninja SLUSHi. Santiago Decl., ¶¶ 8, 11–12. For example, in its Requests for Production, Plaintiff requests that SharkNinja:

- "Produce all invention disclosure forms, laboratory notebooks, design notebooks, sketches, CAD drafts, prototypes, or any records of conception or reduction to practice relating to the Asserted Patents." [Request for Production 10]

- "Produce at least two (2) complete and fully functional samples of each product that Defendants contend embodies or practices U.S. Patent Nos. 12,279,629 B1 or 12,285,028 B1." [Request for Production 13]

- "Produce all design drawings, CAD files, sketches, renderings, prototypes, or models created during the conception and development of U.S. Design Patent No. D1076580 S, including all alternative or abandoned design iterations." [Request for Production 14]

- "Produce at least two (2) complete and fully functional samples of each product that Defendants contend embodies D1076580 S." [Request for Production 15]

SHARKNINJA'S MOTION TO TRANSFER - 8
Case No. 2:25-cv-00954-TL

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Evidence responsive to these categories and others is located primarily in Massachusetts, and SharkNinja is aware of no such evidence, from either party, located in Washington.

### 5. Public policy considerations

Public policy considerations favor transfer in this matter. There is a public policy benefit in having consistent rulings on patents. See, e.g., *The Whistler Grp., Inc. v. PNI Corp.*, No. 3:03-cv-1536-G, 2003 WL 22939214, at *5 (N.D. Tex. 2003) ("By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice. This untenable prospect favors resolving related patent cases in the same forum whenever possible, even if the convenience of the parties and witnesses calls for a different result.") (internal citations omitted). Indeed, Courts have granted motions to transfer even in instances where the parties are not the same between cases. *See, e.g., DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593, 595–97 (N.D. Tex. 2003) (granting defendant's motion to transfer action to the Eastern District of Texas where lawsuit involving other defendants was pending). Even if the cases are not joined, having both in Massachusetts will lessen the likelihood of inconsistent claim construction and invalidity rulings.

### 6. The Plaintiff's choice of forum

The sole factor facially weighing against transfer is Macjerry's filing of the declaratory judgment in this District. Other courts have commented, however, that this principle "has less force" when the plaintiff has filed a declaratory judgment action in a forum that is not its home forum:

> In the case of a declaratory judgment action, however, that principle has less force: but for Hyatt's preemptive filing in Illinois, this would be in all respects Coco's suit, and he would have been entitled to file whenever he wanted, wherever he wanted. He is the "natural plaintiff"—the one who wishes to present a grievance for resolution by a court.

SHARKNINJA'S MOTION TO TRANSFER - 9
Case No. 2:25-cv-00954-TL

*Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002); *see also D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 779 (D. Md. 2009) ("When the plaintiff is foreign (*i.e.*, international) and the events giving rise to suit did not occur in the district, the weight accorded its choice of forum is . . . lessened."). In this matter, the allegations at issue concern the infringement of SharkNinja's intellectual property rights through the sale of Macjerry's product, initially brought by a foreign company. Accordingly, SharkNinja is the natural plaintiff, and Macjerry's choice of forum, the only factor weighing against transfer, should be given little weight.

## V.    CONCLUSION

For the convenience of parties and witnesses, and in the interest of justice, this action should be transferred to the United States District Court for the District of Massachusetts.

DATED October 27, 2025

*I certify that this memorandum contains 2,766 words, in compliance with the Local Civil Rules.*

s/ Eric A. Lindberg
Eric A. Lindberg, WSBA No. 43596
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Telephone: (206) 625-8600
elindberg@corrcronin.com

Brian Rosenthal (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
brosenthal@gibsondunn.com

Brian Buroker (*Admitted pro hac vice*)

SHARKNINJA'S MOTION TO TRANSFER - 10
Case No. 2:25-cv-00954-TL

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

David Brzozowski (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500
bburoker@gibsondunn.com
dbrzozowski@gibsondunn.com

David Glandorf (*Admitted pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence St.
Denver, CO 80202-2211
Telephone: (303) 298-5700
dglandorf@gibsondunn.com

*Attorneys for SharkNinja Operating LLC, and SharkNinja Sales Company*

SHARKNINJA'S MOTION TO TRANSFER - 11
Case No. 2:25-cv-00954-TL

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900